CAUSE NO. **2012 45104**

| | | |
|---|---|---|
| FLOR DEPAZ | § | IN THE DISTRICT COURT OF |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| HERTZ VEHICLES, LLC (HERTZ RENTAL CAR) | § | |
| and KAYALVIZHI NADANAM | § | |
|     DEFENDANT | § | 125. JUDICIAL DISTRICT |

FILED AUG -8 2012 Chris Daniel District Clerk Harris County, Texas

P9 6

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, FLOR DEPAZ, INDIVIDUALLY, hereinafter referred to as Plaintiff, complaining of **HERTZ VEHICLES, LLC (HERTZ RENTAL CAR), hereafter referred to as Hertz, and KAYALVIZHI NADANAM**, hereinafter referred to as Defendant Nadanam, and respectfully shows the Court the following:

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure.

### B. Parties and Service

2. Plaintiff is a resident of Harris County, Texas.

3. Defendant, Hertz Vehicles, LLC (Hertz Rental Car), is a corporation doing business in the State of Texas, which can be served with notice of this lawsuit or process through their registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201, or wheresoever they may be found. Service is requested at this time.

EXHIBIT A

1

0353461

CONFIRMED FILE DATE: 8/8/2012

4.   Defendant, Kayalvizhi Nadanam, is an individual and can be served with process at 3935 E. Greenway Road, Phoenix, AR 85032.

### C. Jurisdiction

5.   The subject matter in controversy is within the jurisdictional limits of this court.

6.   Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because all or substantial parts of the events or omissions giving rise to this lawsuit occurred in this county.

### D. Venue

7.   Venue is proper in this county under a mandatory venue provision. Specifically, this suit is brought under the Texas Tort Claims Act, and all or part of the cause of action arose in Harris County, Texas.

### E. Facts

8.   On or about December 6, 2011, Plaintiff was south/bound in the 2600 block of Wilcrest, a public street in Houston, Harris County, Texas.

9.   Plaintiff's vehicle was struck when Defendant Nadanam, failed to yield the right of way while making a left hand turn in the 2600 block of Wilcrest, and turned in front of Plaintiff. Defendant Nadanam had been driving north/bound in the 2600 block of Wilcrest and made a left turn in front of Plaintiff. The vehicles made contact as a result of the left turn made by Defendant Nadanam.

10. Defendant Hertz owned the vehicle driven by Defendant Nadanam. Hertz provided Nadanam access and use of the vehicle. (please refer to exhibit 1 – a copy of the accident report.).

11. Plaintiff's vehicle suffered damage as a result of Defendants' actions. Plaintiff suffered bodily injury, pain, and suffering as a result of the Defendant's employee's acts.

### F. Plaintiff's Claim of Negligence Entrustment Against Hertz

12. Defendant Hertz negligently entrusted this vehicle to Defendant Nadanam, in that:

   a. Hertz is the owner of the vehicle;
   b. Hertz entrusted the vehicle to an unqualified driver, Defendant Nadanam;
   c. Hertz knew that the driver was unqualified, or should have known that Defendant Nadanam was likely to act negligently with the vehicle, and;
   d. Hertz's vehicle, which was driven by Defendant Nadanam, negligently caused the accident.

### G. Plaintiff's claim of Negligence Against Defendant Nadanam

13. Plaintiff's injuries were proximately caused by Defendant Nadanam's negligent, careless and reckless disregard of his duty to operate his vehicle in a safe manner.

14. The negligent, careless and reckless disregard of the duty of Defendant Nadanam, consisted of, but is not limited to, the following acts and omissions:

   A. In the Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant Nadanam, failed to turn his motor vehicle to the left or right in an effort to avoid collision complained of;

    C.    In that Defendant Nadanam failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    D.    In that Defendant Nadanam failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    E.    In that Defendant Nadanam was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

    F.    In that Defendant Nadanam failed to apply his brakes to his motor vehicle in a timely manner and prudent manner and/or wholly failed to apply his brakes.

### H. Plaintiff's Claim of Negligence Per Se Against Defendant

15.    Defendant Nadanam's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Transportation Code.

16.    Defendant Nadanam failed to comply with §545.103 of the Texas Transportation Code.

17.    Plaintiff is a member of the class that the Texas Motor Vehicle Act was designed to protect.

18.    Defendant employee's unexcused breach of the duty imposed by the Texas Motor Vehicle Act proximately caused the Plaintiff's injuries described herein.

### I. Damages

19.    Defendants' wrongful conduct caused the following damages:

    a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are

4

        reasonable and were usual and customary charges for such services in Harris County, Texas;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability by incurred in the future;

c)    Physical pain and suffering in the past;

d)    Physical pain and suffering in the future;

e)    Loss of earnings in the past; and

f)    Mental anguish in the past.

### J. Requests for Rule 194 Disclosures

20.    Plaintiff gives notice of this suit for damages in the above entitled cause of action and hereby makes this request for disclosures pursuant to Rule 194 of the Texas Rules of Civil Procedure. Responses to this request are due according to the rule set forth in the TRCP on the 50th day after the date this Original Petition is served upon Defendant.

### K. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that citation be issued and served on the named Defendant as above requested and after final hearing, Defendants be found liable and further, Plaintiff receive an amount greater than the minimal jurisdictional limits of this Court for the following:

a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability by incurred in the future;

c) Physical pain and suffering in the past;

d) Physical pain and suffering in the future;

e) Loss of earnings in the past; and

f) Mental anguish in the past.

g) Personal Property damage;

h) Costs of suit;

i) Pre and post-judgment interest;

j) All other relief, in law and in equity, to which plaintiffs may be entitled.

Respectfully submitted,

LAW OFFICES OF THOMAS P. NIXON, P.C.

By: _____
Thomas P. Nixon
SBOT# 24048692
6009 Richmond Ave., Suite 208
Houston, Texas 77057
TEL: (713) 893-4439
FAX: (888) 591-6924
**ATTORNEYS FOR PLAINTIFF**